DORMAN KADRMAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Kadrmas v. Commissioner
Docket No. 3030-86.
United States Tax Court
T.C. Memo 1987-288; 1987 Tax Ct. Memo LEXIS 288; 53 T.C.M. (CCH) 1068; T.C.M. (RIA) 87288; June 10, 1987. *288 Held, allegations deemed admitted under Rule 90(c) were sufficient to satisfy R's burden of proving fraud under section 6653(b). Marshall v. Commissioner,85 T.C. 267 (1985), followed. Dorman Kadrmas, pro se. James Gehres and Marsha Keyes, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to Special Trial Judge Peter J. Panuthos for the purpose of hearing, consideration, and ruling on respondent's Motion for Summary Judgment filed herein. [1] After a review of the record, we agree with and adopt his opinion which is set forth below. *290 OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment, filed February 26, 1987, pursuant to Rule 121. Respondent, in his notice of deficiency, dated November 18, 1985, determined deficiencies and additions to tax as follows: Additions to Tax
Year
Deficiency
Section 6653(b)
Section 6654
1977
$4,659.00
$2,330.00 1978
5,501.00
2,751.00
$149.00 1979
5,407.00
2,704.00
226.00
1980
7,069.00
3,535.00
451.00
1981
6,503.00
3,252.00
498.00
In his notice of deficiency, respondent determined that petitioner received wages from various employers and that he failed to file Federal income tax returns for the years in issue. PROCEDURAL BACKGROUND A timely petition was filed on February 3, 1986. [2] In his petition, petitioner makes a number of claims which we have previously considered to be "protestor-type" arguments. For example, petitioner states that: On religious grounds, the Petitioner declines to be identified with any "Social Security" number, "Taxpayer Identification" number, or any other "Mark of the Beast" assigned by the government. *291 In paragraph 4c. petitioner states as follows: c. Other than through the compulsion of the limit imposed by the filing to this Petition the Internal Revenue Service has no legal, proper authority or jurisdiction over this Petitioner. Any allegation, assumption, or presumption under which the Commissioner of Internal Revenue or any of his nameless, faceless representatives claim to have acquired jurisdiction over this Petitioner, or even that jurisdiction is possible is in error. He further states in paragraph 5a. and b. as follows: a. Petitioner's grievances include, but are not limited to, the unconstitutional adjudication of ultimate facts by a clerk in an administrative agency of the executive branch in derogation of the judicial power conferred by Article III, Section I of the Constitution of the United States to one Supreme Court and in such inferior Courts as the Congress may from time to time establish; and the practices and procedures allowed by the Internal Revenue Service to deny Petitioner due process of law while attempting to deprive Petitioner of his property. b. Petitioner has entered into no written or implied voluntary agreement or contract, without threat *292 or coercion, with any representative, agent, or other authority of the Internal Revenue Service, the Department of the Treasury, the Executive Branch of the government of the United States of America in regard to any of my property, of whatever nature, and wherever situate, that each or any of them might covet, and claim, under any color of law or assumed authority. On April 2, 1986, respondent's Answer was filed. In his Answer, respondent made affirmative allegations in support of the additions to tax for fraud under section 6653(b). On May 6, 1986, petitioner's Reply was filed. In the Reply, petitioner essentially denies all of respondent's affirmative allegations. By notice, dated August 5, 1986, the parties were advised that this matter was set for trial on January 5, 1987 in Denver, Colorado. On October 9, 1986, respondent mailed to petitioner a proposed stipulation of facts. Respondent received no response to his letter. On December 17, 1986, the Court forwarded a letter to petitioner advising him of the requirements of Rule 91 and the requirement that the parties stipulate facts. *293 The Court further advised petitioner that various claims set forth in his petition were either not relevant to the substantive tax issues or totally without merit. No response was received to the Court's letter. When this case was called for trial at the trial session of the Court at Denver, Colorado on January 5, 1987, petitioner failed to appear. By Order, dated January 5, 1987, we granted respondent's Motion to Dismiss for Failure to Properly Prosecute insofar as it pertained to the issues upon which petitioner bears the burden of proof. Accordingly, this matter was dismissed insofar as it relates to the deficiencies for the taxable years 1977 through 1981 and the additions to tax under section 6654 for the taxable years 1978 through 1981. On January 21, 1987, respondent served on petitioner, by mail, respondent's Request for Admissions. A duplicate original of the Request for Admissions was filed with the Court on January 23, 1987. No response was received from petitioner with respect to the Request for Admissions. On February 26, 1987, respondent's Motion for Summary Judgment was filed. By notice, dated March 18, 1987, petitioner was advised of the filing of respondent's *294 motion and, further, that a hearing was scheduled on April 29, 1987 at 10:00 a.m. in Washington, D.C. The notice further advised petitioner of the provisions of Rule 50(c). When this matter was called for hearing at the Motions Session of the Court in Washington, D.C. on April 29, 1987, no appearance was made by or on behalf of petitioner, nor was a Rule 50(c) Statement received. The following findings of fact are based upon the record including the matters deemed admitted pursuant to respondent's Request for Admissions. FINDINGS OF FACT During each of the taxable years 1977, 1978, 1979, 1980 and 1981, petitioner was employed as a welder, or in related work, and received income from his employment as follows: Employer
1977
1978
1979
1980
1981
Babcock & Wilcox
$13,460.05
$2,815.61
$21,896.00
Cyprus Specialty
Steel
4,029.00
869.00
Chicago Bridge
Iron
4,550.00
Colorado Division
of Employment
300.00
Peabody Process
Systems
$7,345.49
4,168.47
Peter Kiewit Sons
17,849.85
Leckenby Company
8,402.95
$24,138.16
15,962.12
Joy Manufacturing
1,295.76
TOTAL
$21,863.00
$24,138.16
$24,603.37
$28,862.93
$27,615.00
*295 Petitioner did not file income tax returns for the taxable years 1977, 1978, 1979, 1980, and 1981. Petitioner filed income tax returns for 1975 and 1976. Petitioner failed to report income for the taxable years 1977, 1978, 1979, 1980, and 1981, in the amounts of $21,863.00, $24,138.16, $24,603.37, $28,862.93, and $27,615.00, respectively. Petitioner failed to report tax liabilities for the taxable years 1977, 1978, 1979, 1980, and 1981 in the amounts of $4,659.00, $5,501.00, $5,407.00, $7,069.00, and $6,503.00, respectively. [3]
On or about January 7, March 8, March 15, May 1, and October 25 of 1979, petitioner submitted to his employers Forms W-4 claiming "exempt" status. On these forms he certified that he had incurred no tax liability for 1978, and anticipated no tax liability for 1979. He had received a 1978 Form W-2 from his employer, Leckenby Company, which reflected that he had earned wages during 1978 of $21,890.16. He reiterated his claim for exempt status in letters to his employer in April of 1979 *296 and threatened to sue the employer's office manager if he did not cease withholding. Based on the information received from petitioner, Leckenby Company ceased withholding and refunded 1979 taxes previously withheld. Petitioner's other employers did not withhold Federal income taxes during 1979, 1980, or 1981. Petitioner fraudulently and with intent to evade taxes for the taxable years 1977, 1978, 1979, 1980, and 1981 failed to file income tax returns, having succeeded in stopping the withholding by his employers of Federal income taxes. [4] Petitioner failed to produce records or other information as to his income for respondent in connection with the examination of his tax affairs for the taxable years 1977, 1978, 1979, 1980, and 1981. Petitioner herein is the same person who was a defendant in the criminal case of United States of America v. Dorman E. Kadrmas, (District of Colorado, Criminal Case No. 82-CR-55-1). The five-count information was filed on March 3, 1982, charging petitioner with willfully and knowingly failing to file Federal income tax returns in *297 violation of section 7203 for the taxable years 1978 and 1979. Petitioner was further charged with willfully supplying a false and fraudulent withholding exemption certificate during the taxable year 1979 in violation of section 7205. On June 7, 1982, petitioner entered a plea of guilty to the aforementioned charges. OPINION Rule 121 provides that a party may move for summary judgment upon all or part of the legal issues in controversy so long as there is no genuine issue of material fact. Rule 121(b) provides for summary adjudication if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. The burden of proving that there is no genuine issue of material fact is on the moving party. ; . With respect to those matters which petitioner has the burden of proof (the deficiencies and additions to tax under section 6654), we granted respondent's Motion to Dismiss for Failure to Properly Prosecute *298 and, accordingly, the deficiencies for the taxable years 1977 through 1981 and additions to tax under section 6654 have previously been sustained. Rules 123(b) and 149. With respect to the additions to tax under section 6653(b), the burden of proof with respect to fraud is on respondent. Respondent must prove by clear and convincing evidence that an underpayment exists and that some part of such underpayment of tax was due to fraud with intent to evade tax, section 7454(a); Rule 142(b); . Respondent's burden of proving fraud by affirmative evidence can be met by allegations of fact deemed admitted under Rule 90(c). . [5]
Through the facts deemed admitted, respondent has established that petitioner knowingly submitted false information to his employers when he stated on his W-4 Forms that he was exempt from Federal income tax liability. Filing of false W-4's eliminating withholding, combined with petitioner's failure to file returns for the taxable years in issue, establishes an *299 intent to evade the payment of income taxes. , affg. a Memorandum Opinion of this Court; ; ; , affd. ; . Petitioner has failed to provide any reasonable explanation for his failure to file returns, his failure to maintain books and records of his income-producing activities, his failure to cooperate with respondent, and his filing of W-2's claiming exemption from withholding. We conclude that fraud has been shown by clear and convincing evidence for each of the years in issue. Based on the foregoing, respondent's Motion for Summary Judgment will be granted. [6]
*300 An appropriate order and decision will be entered.
Footnotes
1. This case was heard pursuant to section 7456 (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At the time of filing the petition herein, petitioner resided at Craig, Colorado.↩
3. For 1977 and 1978, there were taxes withheld by his employers in the respective amounts of $3,789.00 and $682.00 which would be applied against the liabilities.↩
4. While there was some withholding for 1977 and 1978, the liabilities determined exceed the withholding.↩
5. See also .↩
6. In his Answer, respondent made affirmative allegations in support of a damage award under section 6673. While the admissions request specifically sought a conclusory admission as to fraud under section 6653(b), no such admission was sought under section 6673. Furthermore, respondent's Motion for Summary Judgment does not ask for imposition of damages under section 6673. Accordingly, under these circumstances, no damages are awarded under section 6673.↩